WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY:     GOSIA M. ZAWISLAK (028408)
        SHERLE R. FLAGGMAN (019079)
        Deputy County Attorneys
        zawislag@mcao.maricopa.gov
        flaggmas@mcao.maricopa.gov

CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
Facsimile (602) 506-8567
MCAO Firm No. 00032000
ca-civilmailbox@mcao.maricopa.gov

Attorneys for Defendants Maricopa County
and Maricopa County Attorney's Office

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sky Boles | NO. CV-18-2712-PHX-SPL-ESW |
| Plaintiff, | **MOTION TO DISMISS DEFENDANT MARICOPA COUNTY** |
| v. | |
| The Phoenix Police Department et al. | **Rules 12(b)(5) & (6), Fed. R. Civ. P.** |
| Defendants. | |

Defendant Maricopa County ("the County") enters its limited appearance and, pursuant to Rules 12(b)(5) & (6), Fed. R. Civ. P., submits this Motion to Dismiss Defendant Maricopa County ("Motion") on the grounds that the Complaint fails to state a claim upon which relief can be granted against the County and on the grounds that

Plaintiff did not properly effect service of process. This Motion is supported by the accompanying Memorandum of Points and Authorities and Plaintiff's Complaint previously filed with the Court.

**Certification of Counsel per LRCiv. 12.1(c)**: In compliance with LRCiv. 12.1(c), undersigned counsel for the County certifies that, before filing the Motion, on December 5, 2018, counsel notified Plaintiff via email correspondence of the issues asserted in the Motion, and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by Plaintiff. Plaintiff offered no permissible amendment to the Complaint.

## I.  FACTS

On August 27, 2018, Plaintiff filed a Complaint in this action. (Doc. #1). The County was unable to find mention in the Complaint of any acts or allegations specifically as to the County. (Complaint generally; Doc. #1). This Motion follows.

## II.  ARGUMENT

**A. The Complaint fails to state a claim upon which relief can be granted against the County because Plaintiff states no allegation specifically regarding the County and because the Complaint provides insufficient details to allow the court to draw the reasonable inference that a policy or custom of the County caused Plaintiff's alleged injury.**

Dismissal under Rule 12(b)(6), Fed. R. Civ. P., can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). While a complaint need not provide detailed factual allegations to be sufficient, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

1955, 1965, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim brought against a local government entity pursuant to 42 U.S.C. § 1983 must allege facts sufficient for the Court to infer that an official policy, (*Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1167–68 (9th Cir. 2014)) or a permanent and well-settled practice gave rise to the alleged injury. *See, e.g.*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Correspondingly, a complaint that provides only "a formulaic recitation of the elements of a cause of action," without providing more, fails to state a claim for relief pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Here, the County carefully reviewed the lengthy and nonconforming Complaint and was unable to find mention of any acts or allegations that pertain specifically to the County's actions. In other words, Plaintiff states no allegation specifically regarding the County. As such, Plaintiff fails to state a claim upon which relief can be granted.

In the Demand section of the Complaint (Doc. #1 at pp. 22–23), Plaintiff does make statements pertaining to "Defendants" without specifying what she means by this all-inclusive term. Assuming *arguendo* that Plaintiff's use of this term is meant to include the County, the statements made in this section are mere a recitation of some of the elements of a cause of action and contain legal conclusions. Further, because Plaintiff states no allegation regarding the County's actions in the remainder of the Complaint, the allegations in the Demand section provide insufficient details to allow the Court to draw

the reasonable inference that a policy or custom of the County caused Plaintiff's alleged

injury.  As such, Plaintiff fails to state a claim upon which relief can be granted.

**B. Service of process is ineffective because Plaintiff has not filed proof of service showing that someone authorized under Rule 4(c), Fed. R. Civ. P., delivered the summons and complaint in this action to the clerk of the Board of Supervisors.**

Dismissal under Rule 12(b)(5), Fed. R. Civ. P., is appropriate when service of

process is insufficient.  Only a "person who is at least 18 years old and not a party may

serve a summons and complaint."  Rule 4(c)(2), Fed. R. Civ. P.  "If a defendant is not

served within 90 days after the complaint is filed, the court . . . must dismiss the action or

order that service be made within a specified time."  Rule 4(m), Fed. R. Civ. P.

Here, Plaintiff has not yet filed with the Court proof of service on the County as

required by Rule 4(*l*)(1), Fed. R. Civ. P.  Correspondingly, the County is unable to rule

out the possibility that Plaintiff herself delivered the summons and complaint to the clerk

of the Board of Supervisors, making service ineffective.  The County makes this argument

to preserve the issue and will withdraw it if Plaintiff files proof of service showing that

someone authorized under Rule 4(c), Fed. R. Civ. P., delivered the summons and

complaint in this action to the clerk of the Board of Supervisors.

If Plaintiff does not file proof of service showing that someone authorized under

Rule 4(c), Fed. R. Civ. P., delivered the summons and complaint in this action to the clerk

of the Board of Supervisors, Plaintiff has failed to serve the County within the requisite

time.  This is because Plaintiff filed this action on August 27, 2018, making Sunday,

November 25, 2018 the 90th day to effect service.  Correspondingly, the County requests

that the Court require Plaintiff to file with the Court proof of service on the County on or

1  before December 27, 2018.  The County further requests that the Court dismiss this action

2  as to the County if Plaintiff fails to file proof of service showing that someone authorized

3  under Rule 4(c), Fed. R. Civ. P., delivered the summons and complaint in this action to

4  the clerk of the Board of Supervisors because service of process is ineffective.

5     Therefore, because the Complaint fails to state a claim upon which relief can be

6  granted and because Plaintiff did not properly effect service of process, the Court should

7  dismiss the County from this action.

8     WHEREFORE, the County requests that the Court grant this Motion and dismiss

9  Defendant Maricopa County from this action.

10    DATED December 7, 2018.

11                                     WILLIAM G. MONTGOMERY
                                       MARICOPA COUNTY ATTORNEY

12
                                  BY:  /s/ Gosia M. Zawislak
13                                     GOSIA M. ZAWISLAK
                                       SHERLE R. FLAGGMAN
14                                     Deputy County Attorneys
                                       *Attorneys for Defendants Maricopa*
15                                     *County and Maricopa County Attorney's*
                                       *Office*

16

17

18

19

20

21

22

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Steven P. Logan
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 521
401 West Washington Street
Phoenix, AZ 85003-7650

Sky Boles
3307 W. Echo Lane
Phoenix, AZ 85051
*Plaintiff Pro Se*

Office of the Phoenix City Attorney
Brad Holm
Leslie Tuskai
200 West Washington, Suite 1300
Phoenix, AZ 85003-1611
*Attorneys for Defendants City of Phoenix Police Department, City of Phoenix Police Department Cactus Precinct, and City of Phoenix*

/s/ S. Rojas

S:\CIVIL\CIV\Matters\CJ\2017\Boles v. Phoenix Police Dept. CJ17-0073\Pleadings\Word\MTD\MTD MC.docx